**Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**Dennis MURPHY, Robert Prebianca, Ray Toffoli, and George Garbarino, Defendants.**

**No. 92–0093–CIV.**

United States District Court, S.D. Florida.

Feb. 11, 1993.

Marshall J. Breger, Solicitor of Labor, Bobbye D. Spears, Regional Solicitor, William H. Berger, Deputy Regional Solicitor, Sharon D. Calhoun, Office of the Solicitor,

U.S. Dept. of Labor, Atlanta, GA, for plaintiff.

Kathleen M. Phillips, Kaplan & Bloom, Miami, FL, for defendants.

## AMENDED ORDER DENYING DEFENDANTS DENNIS MURPHY, ROBERT PREBIANCA, RAY TOFFOLI, and GEORGE GARBARINO'S MOTION FOR SUMMARY JUDGMENT

HIGHSMITH, District Judge.

THIS CAUSE comes before the Court upon Defendants Dennis Murphy, Robert Prebianca, Ray Toffoli, and George Garbarino's ("Defendants") Motion for Summary Judgment. As grounds for their motion for summary judgment, the Defendants assert that this action is barred by the applicable statute of limitations. For the reasons stated below, the Court denies Defendants' motion.

### BACKGROUND

Plaintiff Lynn Martin, Secretary of Labor for the United States Department of Labor ("Secretary") filed this action on January 14, 1992, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. The Secretary seeks injunctive relief and other equitable relief to redress alleged violations of Defendants' fiduciary duties under ERISA, as prescribed by 29 U.S.C. §§ 1104(a)(1)(A)–(B), § 1106(a)(1)(D).

The Secretary alleges that Defendants breached their fiduciary duties as trustees of the Florida Marble Polishers Holiday and Unemployment Trust Fund (the "Plan"), an employee welfare benefit plan covered by ERISA. According to the Secretary, the Defendants failed to determine the reasonableness of the fees paid to Robert Kelly for his services to the Plan, as well as entered into a prohibited transaction with Kelly who is a party-in-interest to the Plan. 29 U.S.C. § 1104(a)(1)(A)–(B); 29 U.S.C. § 1106(a)(1)(D).

### UNDISPUTED FACTS

The Plan paid Kelly an annual salary of $24,000 in 1985, $30,000 in 1986 and $48,000 in 1987. The Plan filed annual reports forms, entitled form 5500, for each of the years in question, pursuant to ERISA requirements. 29 U.S.C. § 1023(a)(1)(A). Each form 5500 included Kelly's full name, reported his compensation, described his plan position as clerical, and classified this position as "code 16."[1]

### STANDARD OF REVIEW

In deciding motions for summary judgment, the Court must use as its guide the standard set forth in Fed.R.Civ.P. 56(c), which states in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The United States Supreme Court has addressed the standard for summary judgment, as set forth in Rule 56(c), as follows:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). After the moving party has met this initial burden, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505–2513, 91 L.Ed.2d 202 (1986). Fed. R.Civ.P. 56(e), however, does not permit the nonmoving party to avoid summary judgment by resting on the pleadings, but "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by

---

1. The instructions to form 5500 define code 16 services as "computing, tabulating, ADP, etc."

the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, the mere existence of a scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

## DISCUSSION

■ ERISA requires that a fiduciary perform his duties solely in the interest of the participants and beneficiaries of a plan. 29 U.S.C.A. § 1104(a)(1)(A) (West 1985). The statute further requires that such duties be performed for "the exclusive purpose of providing benefits ... and defraying reasonable expenses of administering the plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." 29 U.S.C.A. § 1104(a)(1)(A, B) (West 1985). A trustee's failure to adhere to these standards may result in his personal liability under ERISA for losses to a plan resulting from a breach of duty. 29 U.S.C.A. § 1109(a) (West 1985).

Under the current ERISA statute of limitations provision, no action with respect to a fiduciary's breach may be commenced later than three years after the plaintiff had *actual* knowledge of the breach. 29 U.S.C. § 1113 (West Supp.1992) (emphasis added). Prior to 1987, however, this provision applied to any suit filed "three years after the earliest date "on which a report from which he could reasonably be expected to have obtained knowledge of such breach or violation was filed with the Secretary." 29 U.S.C.A. § 1113(a)(2)(B) (West 1985). Although the 1987 amendment to ERISA deleted the constructive knowledge provision, the pre-amendment version applies to pre-December 31, 1987 reports. *Id. See* Historical and Statutory Notes accompanying 29 U.S.C.A. § 1113 (West 1992). Because all of the annual reports (forms 5500) in this case pre-date December 31, 1987, the Secretary is thus bound by the three-year constructive knowledge provision of former § 1113.

■ Under the constructive knowledge provision, ERISA's three-year limitations period runs from the time of filing with the Secretary a report from which beneficiaries could reasonably be expected to have obtained knowledge of an alleged fiduciary breach or violation. *Fink v. Nat'l Sav. and Trust Co.,* 772 F.2d 951, 956 (D.C.Cir.1985). In *Fink,* the court held that forms 5500 indicating continued payments on a Note did not provide beneficiaries with constructive knowledge of a breach of fiduciary duty. *Id.* at 957. The plaintiffs in that case were not alleging that the payments were in and of themselves a breach of defendants' fiduciary duties. *Id.* Instead, they alleged that the breach arose from making those payments without performing the statutory duty of investigating and evaluating the Plan's investments. *Id.* The court stated that the filing of forms 5500 cannot reveal the most basic of fiduciary duties, that of independent evaluation. *Id.* at 958. The *Fink* court noted that the Labor Department receives about 800,-000 Forms 5500 yearly and that such a heavy load of paperwork makes thorough review of each form and the transactions described in them almost impossible. *Id.* at 958. In light of this consideration, the court concluded, the filing of forms with the Secretary is not the equivalent of the Secretary's approval. *Id.*

Moreover, a form 5500 that does not provide any indication that something is awry in connection with a transaction is not sufficient to put the Secretary on notice of an alleged breach of fiduciary duties. *Anderson v. Mortell,* 722 F.Supp. 462, 469 (N.D.Ill.1989). In *Anderson,* the court decided that a form containing a description of the Plan's stock transaction including sales price, cost basis, and net profit, would not lead a reasonable person to believe that further inquiry into the circumstances surrounding the transaction is necessary. *Id.* The form 5500 in that case, did not clearly show or suggest that there was inadequate consideration received for the transaction. *Id.* The court found that the Secretary did not have constructive knowledge of the breach, therefore, the action was not barred by ERISA's three-year statute of limitations. *Id.*

Applying these principles and the relevant ERISA provisions to the present case, the Court finds that the forms 5500 indicating only progressively larger salary amounts, did not give the Secretary constructive notice of a possible breach of fiduciary duties by Defendants. This case is similar to *Fink*, where plaintiffs sued for breach of fiduciary duty arising from a failure to investigate and evaluate the reasonableness of a transaction. In the present case, the Secretary asserts that Defendants failed to act in the interest of the Plan by neglecting to determine the reasonableness of the fee paid for Kelly's services to the Plan. Like the *Fink* plaintiffs, the Secretary here is not alleging that the payment itself was a breach, but rather that the failure to assess its reasonableness was a violation of ERISA 29 U.S.C. § 1104(a)(1)(B). Moreover, the Forms 5500 that Defendants filed contained nothing more than Kelly's name, a category number identifying the class of service he provided, and his salary. This bare information is not sufficient to alert a reasonable person that something is awry. Like the information provided in *Anderson*, this information did not alone trigger ERISA's constructive notice limitations provision. The court in *Anderson* noted that although the transaction was described, there was no indication that the Plan received inadequate consideration in exchange. Similarly, there was no indication on the forms filed by Defendants regarding the time spent by Kelly, nor the complexity of his services, information necessary to determine the adequacy of the compensation.

Defendants rely on *Brock v. TIC Int'l Corp.* 785 F.2d 168 (7th Cir.1986) where the Seventh Circuit decided that the Secretary's action was time-barred under ERISA's constructive notice provision. In *TIC*, an annual report (the equivalent of a form 5500), filed more than three years before the commencement of the suit, contained detailed information that defendants had entered into a costly agreement while getting no consideration in exchange. *Id.* at 170. The *TIC* court stated that the statute is triggered by information on a form 5500 only if "the Department [of Labor] could reasonably be expected to learn of a violation from a report." *Id.* at 173. In that case, it was clear that the report, by itself, provided constructive knowledge because information on its face triggered further investigation that eventually led to the law suit. *Id.* In the present case, however, the three forms 5500, on their face, were insufficient to prompt further investigation nor reveal a probable breach of fiduciary duty. Again, the mere listing of a service code and salary, absent a description of the services or the number of hours worked over the three year period is not enough to give notice of a probable violation.

## CONCLUSION

Based on the foregoing considerations, the Court finds that the Secretary did not have constructive notice of alleged ERISA violations. Therefore this action is not barred by ERISA's three-year statute of limitations. Thus, it is hereby

ORDERED AND ADJUDGED that Defendants' motion for summary judgment is DENIED.

DONE AND ORDERED.